## A. S.. CANFIELD v. ELIAS BENTLEY'S ESTATE.

### Witness.   R. L. s. 1002.  Co-Surety.

Where a surety on a promissory note has paid it, in an action by him against the estate of a deceased surety on the same note, to recover the amount so paid, the maker is a witness under the statute,—R. L. s. 1002,—to prove that the plaintiff was not a co-surety, but only a surety for the deceased.

APPEAL by defendant from a decision of commissioners upon the estate of Elias Bentley, deceased.  Trial by jury, June Term, 1887, Ross, J., presiding.  Verdict for plaintiff. The case appears in the opinion.

*J. C. Baker*, for the defendant.

The contract or cause of action on trial in this case, was the contract express or implied between Elias Bentley, deceased, and A. S. Canfield, when the note was executed to Jane Mattison ; and the question in dispute was whether Elias Bentley and Canfield were sureties for Abel Bentley, or whether Canfield was surety for Elias Bentley.

If both Elias Bentley and Canfield were joint sureties for Abel, Abel was the other party to the agreement to indemnify his sureties, and this being the contract or cause of action in issue and on trial, Abel Bentley was not a competent witness as against the estate of Elias Bentley.  R. L. s. 1002 ; Whart. Ev. s. 466.

The other party referred to in the statute, is the other party to the contract or cause of action in issue and on trial, and not the party to the suit on the record.  Whether the witness is a party to the record or not, makes no difference as to the

statutory incompetency of the witness. *Barnes* v. *Dow*, 59 Vt. 530.

The exclusion relates as well to the substantial issues made by the evidence as to the formal issues made by the pleadings. *Hollister* v. *Young*, 41 Vt. 156; *Hollister* v. *Young*, 42 Vt. 403; *Insurance Co.* v. *Wells*, 53 Vt. 14; *Pember* v. *Congdon*, 55 Vt. 58; *Barnes* v. *Dow, supra*.

*Batchelder & Barber*, for the plaintiff.

Abel Bentley was a competent witness. He was not one of the original parties to the contract or cause of action in issue. The contract in issue was between the plaintiff and the deceased. *Bank* v. *Schofield*, 39 Vt. 594; *Lytle* v. *Bond's Estate*, 40 Vt. 618; *Benoir* v. *Paquin*, 40 Vt. 205; *Cole* v. *Shurtleff*, 41 Vt. 311; *Hollister* v. *Young*, 41 Vt. 156; *Downs* v. *Belden*, 46 Vt. 674; *Morse* v. *Low*, 44 Vt. 561; *Taylor* v. *Finley*, 48 Vt. 78; *Chaffee* v. *Hooper*, 53 Vt. 573; *Insurance Co.* v. *Wells*, 53 Vt. 14; *Pember* v. *Congdon*, 55 Vt. 58; *Richardson* v. *Wright*, 58 Vt. 371; *Barnes* v. *Dow*, 59 Vt. 530.

The opinion of the court was delivered by

TAFT, J. Jane Mattison held the note of Abel Bentley. The plaintiff and Elias Bentley, the defendant's intestate, were sureties thereon. The plaintiff paid the note and seeks in this action to recover of the defendant estate the amount so paid, upon the ground that by contract with said Elias he was surety for him, not co-surety with him, for Abel the principal. Whether the plaintiff was surety for Elias, or co-surety with him was the sole question in controversy, and the only point reserved by the exceptions is, was Abel a competent witness. The question of Abel Bentley's liability to his sureties, was not in issue. It was lawful for the plaintiff to contract with his co-surety as to the relation he, the plaintiff, should sustain to him, and in this contract Abel Bentley had no interest, and was no party to it, and in an action to enforce it would be a competent witness; would not be excluded by sec. 1002 R. L. Judgment affirmed.